**MARC D. BLACKMAN, OSB #73033**
E-mail: marc@ransomblackman.com
**JOHN S. RANSOM, OSB #74265**
E-mail: john@ransomblackman.com
**KENDRA M. MATTHEWS, OSB #96567**
E-mail: kendra@ransomblackman.com
RANSOM BLACKMAN LLP
1400 Congress Center
1001 S.W. Fifth Avenue
Portland, Oregon 97204-1144
Telephone: [503] 228-0487
Facsimile: [503] 227-5984

Of Attorneys for Defendant Jonathan Christopher Mark Paul

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | NO. **CR 06-60011-AA** |
| Plaintiff, ) | |
| ) | **DEFENDANTS' JOINT** |
| v. ) | **DISCOVERY MOTION** |
| ) | |
| **DANIEL GERARD McGOWAN,** ) | |
| **DARREN TODD THURSTON,** and ) | |
| **JONATHAN CHRISTOPHER MARK PAUL,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## INTRODUCTION

Pursuant to Federal Rule of Criminal Procedure 12, defendants Daniel Gerard

McGowan, by and through his attorneys Jeffery P. Robinson and Amanda E. Lee of

Schroeter, Goldmark & Bender and Kelly R. Beckley of Beckley & Longtin, P.C.; Darren

Todd Thurston, by and through his attorney Daniel Feiner; and Jonathan Christopher

Mark Paul, by and through his attorneys Marc D. Blackman, John S. Ransom, Kendra M.

Matthews, and Ransom Blackman LLP, moves the Government to make the information

and material requested hereafter available for discovery, inspection and/or copying.

The defendants make this request for the purpose of promoting an expeditious and

fair determination of the charges; providing them with sufficient information to make

informed pleas; permitting them to identify issues required to be raised before trial by the

Federal Rules of Criminal Procedure; allowing them thoroughly to prepare for trial;

assuring that as many evidentiary issues as possible are litigated prior to rather than

during trial; minimizing the risk of surprise at trial; avoiding unnecessary delay and/or

repetitious trials by exposing procedural or constitutional errors that would require

declaration of a mistrial; maximizing the opportunity to implement remedies for reparable

errors prior to trial; reducing the likelihood of interruptions and complications during

trial; effecting economies of time, money, judicial and professional talents by minimizing

paper work, repetitious assertions of issues, or the need for multiple hearings; honoring

their right to substantive and procedural due process; and effectuating their Fourth, Fifth,

Sixth, and Fourteenth Amendment rights, including but not limited to, the rights to:

  a.    Disclosure of all evidence that may play an "important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Safavian*, 233 F.R.D. 12, 15 (D.D.C. 2005);

  b.    Disclosure of all exculpatory information as described in *Brady v. Maryland*, 373 U.S. 83 (1963);

  c.    A speedy and public trial by jury, during which each is presumed to be innocent unless and until the government presents admissible evidence that unanimously establishes beyond a reasonable doubt to the unanimous satisfaction of a jury of twelve that such defendant is guilty of the offense or offenses with which he is charged;

  d.    The effective assistance of an attorney at all stages of the proceedings;

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

e.      Effectively use the power and process of the court to compel the production of evidence and the attendance of witnesses in favorable to them;

f.      To see, hear, and effectively confront, and cross-examine all witnesses called to testify against them; and

g.      Decide for himself whether to take the witness stand and testify.

### DEFINITION OF TERMS

The term "the Government" includes the government of the United States, any agency or department thereof, any state or local law enforcement or regulatory agency, and any of their agents or employees who aided, abetted, counseled, procured or participated in any investigation: (1) related to or arising out of any matter to which reference is made in the Indictment; or (2) involving any person or entity referred to in the Indictment either by name or as unnamed, whether or not related to or arising out of any of the facts to which reference is made in the Indictment.

The term "information and material" refers to information and material in any form whatever: (1) related to or arising out of any matter to which reference is made in the Indictment; or (2) involving any person or entity referred to in the Indictment either by name or as unnamed, whether or not related to or arising out of any of the facts to which reference is made in the Indictment that is presently in the possession of the Government or which subsequently comes into the possession of the Government. To ensure compliance with definition, the defendants request the Court to direct the Government to make an affirmative inquiry of agencies and departments of the United States and state and local jurisdictions to determine whether any of them has in its possession any information or material responsive to this Discovery Motion and if so, immediately to make such available to it so that disclosure can then be made to the defendants without

Page 3 -    DEFENDANTS' JOINT DISCOVERY MOTION

further demand, and in sufficient time to allow the defendants to use it effectively in their defense. *United States v. Bryan*, 868 F. 2d 1032 (9th Cir. 1989) ("closely connected investigative agencies").

The term "communication" means any statement, act, or observation that "explicitly or implicitly relates a factual assertion or disclose(s) information." *Doe v. United States,* 487 U.S. 201, 210, 108 S.Ct. 2341, 101 L.Ed.2d 184 (1988) ("*Doe II*") (citing *Fisher,* 425 U.S. at 391, 96 S.Ct. 1569 & *Doe I*, 465 U.S. at 605, 104 S.Ct. 1237); *United States v. Bell*, 217 F.R.D. 335, 339 (M.D. Pa. 2003).

The term "Indictment" means the charging instrument filed in this case on or about January 19, 2006, any Superseding Indictment thereafter filed, and any other charging instrument filed in this or any other jurisdiction: (1) related to or arising out of any matter to which reference is made in the charging instrument filed in this case on or about January 19, 2006; or (2) against any person or entity referred to in the charging instrument filed in this case on or about January 19, 2006 either by name or as unnamed, whether or not related to or arising out of any of the facts to which reference is made in the charging instrument filed in this case on or about January 19, 2006.

In the event the Government refuses to provide any or all disclosure, the defendant requests that the Government produce such information **in camera** for inspection and determination by the Court of whether such information shall be disclosed to the defendant.

<u>**INFORMATION AND DISCOVERY DEMANDED**</u>

The information and material which the defendants request be made available for discovery, inspection, copying, and independent testing are:

**RANSOM BLACKMAN LLP**
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

1.     All disclosures required by Federal Rule of Criminal Procedure 16.  The filing of this demand is supplemental to that explicitly addressed in the above rule and is not to be construed as a waiver or modification of the defendant's right to mandatory, automatic disclosure by the Government in compliance with said rule.

2.     Notice as required by Federal Rules of Criminal Procedure 12(d) of the Government's intention to use in its case in chief any evidence discoverable under Federal Rule of Criminal Procedure 16.

3.     All information and material in the Government's possession favorable to a defendant, including any evidence which would tend to impeach any person on whose information the Government relied in any respect during the course of the investigation resulting in the Indictment, whether or not the Government intends to call that person at a witness at any stage of this proceeding, and including but not limited to:

(a)     All memoranda, notes, records or correspondence, maintained or in the possession of the Government or any other regulatory and law enforcement agency regarding contacts, discussions, or agreements with persons whom the Government has described at any time as "confidential source," "cooperating witness," "undercover agent," or similar term.  *See, e.g., United States v. Service Deli, Inc.,* 151 F. 3d 938 (9th Cir. 1998);

(b)     All medical, psychological, counseling, and drug/alcohol treatment records of any person on whose information the Government relied in any respect during the course of the investigation resulting in the Indictment, whether or not the Government intends to call that person at a witness at any stage of this proceeding;

Page 5 -   DEFENDANTS' JOINT DISCOVERY MOTION

(c)    All records of any administrative, judicial, or other official proceeding in which any person on whose information the Government relied in any respect during the course of the investigation resulting in the Indictment, whether or not the Government intends to call that person at a witness at any stage of this proceeding participated as a party or witness;

(d)    All records, logs, calendars, or similar documents reflecting any and all forms of surveillance of any defendant since October, 1996 [the date set forth in the Indictment as the date on which the conspiracies alleged in Counts 1 and 2 began];

(e)    All records, logs, calendars, or similar documents or reflecting any and all forms of contact between any defendant and any regulatory and law enforcement officer at any time;

(f)    All personnel files of any regulatory and law enforcement officer who will testify at trial or of any person on whose information the Government relied in any respect during the course of the investigation resulting in the Indictment, whether or not the Government intends to call that person at a witness at any stage of this proceeding. *United States v. Henthorn,* 931 F. 2d 29 (9th Cir. 1991); *United States v. Cadet*, 727 F. 2d 1453 (9th Cir. 1984) ("material to the preparation of a defense.");

(g)    All notes, minutes, records, exhibits, recordings, testimony and transcripts of testimony of any Grand Jury that considered any part of the transaction or transactions for which the defendant stands indicted;

//

Page 6 -   DEFENDANTS' JOINT DISCOVERY MOTION

(h)    All memoranda, notes, records, correspondence or other materials disclosed by the Government to any person on whose information the Government relied in any respect during the course of the investigation resulting in the Indictment, whether or not the Government intends to call that person at a witness at any stage of this proceeding.  *See, e.g., United States v. Wallace,* 848 F. 2d 1464 (9th Cir. 1988).

4.    All information and material relating to or otherwise tending to record or communicate any:

(a)    Oral, written, or recorded communication or statement by any defendant;

(b)    Oral, written, or recorded communication or statement, and all original notes or memoranda regarding such, of any person on whose information the Government relied in any respect during the course of the investigation resulting in the Indictment, whether or not the Government intends to call that person at a witness at any stage of this proceeding;

(c)    Oral, written, or recorded communication or statement and all original notes and memoranda regarding the statements of any person on whose information the Government relied in any respect during the course of the investigation resulting in the Indictment, whether or not the Government intends to call that person at a witness at any stage of this proceeding that reflect any change, modification or alteration of a prior statement.

//

Page 7 -   DEFENDANTS' JOINT DISCOVERY MOTION

5.    All physical or documentary items, whether intended to be offered by the Government at any stage of this proceeding under circumstances that will permit the defendants to conduct independent tests of such evidence.

6.    All information and material relating to any and all records and communications, oral, written or recorded, of any defendant or any person whom the Government contends is a co-conspirator, employee or agent of the defendant, whether or not the Government intends to produce evidence or testimony regarding such statements or call any such person(s) as a witness at any stage of the proceedings in this case.

7.    All books, papers, documents, photographs or tangible items which were:

(a)    Obtained from or which the Government has or may allege belonged to any defendant or any person whom the Government contends is a co-conspirator, employee or agent of the defendant, whether or not the Government intends to produce such evidence at any stage of this proceedings; and

(b)    Was or may be alleged to have been located at the residence, place of business, vehicle or at other place in which any defendant or any person whom the Government contends is a co-conspirator, employee or agent of the defendant had a reasonable expectation of privacy; and

(c)    May be offered in evidence at any stage of this proceeding.

8.    All information and material pertaining to, discussing or describing any matter or transaction to which any defendant, any person whom the Government contends is a co-conspirator, employee or agent of any defendant person, or any person whom the

//

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Government may contend participated in such matter or transaction on behalf of a defendant was a party.

9.    All reports of examinations or scientific testing of any tangible item order by or performed under the auspices of the Government, whether or not the Government intends to offer such evidence at any stage of the proceedings.

10.    All information and material acquired by the Government during the course of the investigation resulting in the Indictment pursuant to 18 U.S.C. §846, including but not limited to all information and material in the national repository established pursuant to 18 U.S.C. §846(b).

11.    All information and material that the Government contends or may contend is admissible under F.R.E. 404(b) against any defendant, any person whom the Government contends is a co-conspirator, employee or agent of any defendant, or any person whom the Government may contend acted or participated in any matter or transaction on behalf of a defendant.

12.    All information and material that may be admissible under F.R.E. 404(b) against:

    (a)    any person on whose information the Government relied in any respect during the course of the investigation resulting in the Indictment, whether or not the Government intends to call that person at a witness at any stage of this proceeding;

    (b)    any person whom the Government contends is a co-conspirator, employee or agent of any defendant;

//

Page 9 -  DEFENDANTS' JOINT DISCOVERY MOTION

(c)    any person whom the Government may contend acted or participated in any matter or transaction on behalf of a defendant; or

(d)    any person whom the Government may call or intend to call as a witness in this matter.

*See, e.g., United States v. Steinberg*, 99 F. 3d 1486 (9th Cir. 1996); *United States v. McCourt,* 925 F. 2d 229 (9th Cir. 1991).

13.    All information and material:

(a)    regarding any financial, protective, employment, personal, or other similar relationship that has existed or presently exists between the Government and any potential witness or other person who was or may have been present at, party to, or aware of any fact, act, circumstance or event involved in any transaction pertinent to the Indictment;

(b)    reflecting or relating to whether the Government has made or attempted to make any promise, assurance, or arrangement with any person or prospective witness in this case, either expressed or implied, securing the assistance and/or testimony of such person or witness for the Government;

(c)    reflecting any communication by the Government with any judge or correction official having jurisdiction over any person on whose information the Government relied in any respect during the course of the investigation resulting in the Indictment, whether or not the Government intends to call that person at a witness at any stage of this proceeding, together with the names and addresses of all persons involved in or about whom such contacts occurred and the contents of such communication;

Page 10 - DEFENDANTS' JOINT DISCOVERY MOTION

(d)     reflecting any communication by the Government with any judge or correction official having jurisdiction over any person on whose information the Government relied in any respect during the course of the investigation resulting in the Indictment, whether or not the Government intends to call that person at a witness at any stage of this proceeding, together with the names and addresses of all persons involved in or about whom such contacts occurred and the contents of such communication;

(e)     reflecting any payment of any sort to any person on whose information the Government relied in any respect during the course of the investigation resulting in the Indictment, whether or not the Government intends to call that person at a witness at any stage of this proceeding, together with the following information and material:

(i)     All payment voucher(s);

(ii)     All documentary records of such payment(s);

(iii)     An accounting of such payment(s);

(iv)     Records of any other tangible and intangible benefit provided to any such person by the Government, including but not limited to payments to or other benefits provided to a third party as a result of such person having provided information to the Government during the course of the investigation resulting in the Indictment;

(f)     regarding any financial, protective, employment, personal, or other similar assistance that has existed or presently exists between any

Page 11 - DEFENDANTS' JOINT DISCOVERY MOTION

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

"foreign government" as that term is defined by 18 U.S.C. §11 or any non-governmental party and any potential witness or other person who was or may have been present at, party to, or aware of any fact, act, circumstance or event involved in any transaction pertinent to this indictment of which the Government is, was, or becomes aware, including any assistance rendered by the Government in bringing the existence of or obtaining such assistance for such person;

      (g)    reflecting any payment of any sort by any "foreign government" as that term is defined by 18 U.S.C. §11 or any non-governmental party to any person on whose information the Government relied in any respect during the course of the investigation resulting in the Indictment, whether or not the Government intends to call that person at a witness at any stage of this proceeding, together with the following information and material:

      (i)    All payment voucher(s);

      (ii)    All documentary records of such payment(s);

      (iii)    An accounting of such payment(s);

      (iv)    Records of any other tangible and intangible benefit provided to any such person, including but not limited to payments to or other benefits provided to a third party as a result of such person having provided information during the course of the investigation resulting in the Indictment.

//

//

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

14.    The names of all persons:

(a)    who conducted or may conduct any scientific or other examination of any information and material at the request of the Government, together with information and material regarding their qualifications, copies of their reports, and copies of all information and material to which they had access in connection with their examinations. F.R.E. 702, 703 and 705.  *See United States v. Plunk,* 153 F. 3d 1011 (9th Cir. 1998);

(b)    whom the Government contends or may contend are qualified to testify as "experts" pursuant to any Rule of Evidence or case law, together with information and material regarding their qualifications, copies of their reports, and copies of all information and material to which they had access in connection with the preparation of their potential testimony.

15.     All information and material:

(a)    regarding the Government's characterization or description of the events to which reference is made in the Indictment as constituting acts of "Terrorism;"

(b)    on which the Government relied, is relying, or may rely, in making this characterization or description;

(c)    regarding the rationale or justification for using this characterization or description;

(d)     regarding the consequence or potential consequence the Government has contended, contends, or may contend that such characterization or description might have or did have on the manner in which the Government could

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

conduct the investigation of the events to which reference is made in the Indictment, including but not limited to the effect of such characterization or description on the constitutionality, legality or permissibility of investigative activities or techniques and the authority of the Government to engage in activities otherwise subject to the participation and/or supervision the Judicial Branch.

This request encompasses all internal Government communications regarding the investigation resulting in the Indictment which would be discovered by a word search employing any variation on the term "terrorism," including but not limited to "terror" and "terrorist."

This request encompasses any information and material obtained pursuant to the provisions of the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. §1801-62.

This request encompasses any information and material obtained by the National Security Agency.

16.    All information and material regarding any surveillance or search of: (1) any defendant; (2)  any person on whose information the Government relied in any respect during the course of the investigation resulting in the Indictment, whether or not the Government intends to call that person at a witness at any stage of this proceeding; (3) any person whom the Government contends is a co-conspirator, employee or agent of any defendant; (4) any person whom the Government may contend acted or participated in any matter or transaction on behalf of a defendant; (5) any person whom the Government may call or intend to call as a witness in this matter; or (6) any residence, place of business, vehicle or at other place in which any defendant or any person whom the Government contends is a co-conspirator, employee or agent of the defendant had a

Page 14 - DEFENDANTS' JOINT DISCOVERY MOTION

reasonable expectation of privacy, whether or not such surveillance or search resulted in the acquisition of any information or material the Government may seek to offer in evidence at any stage or this proceeding and whether or not such surveillance or search was conducted pursuant to warrant, the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. §1801-62, a circumstance that the Government contends or may contend constitutes an exception to the warrant requirement of the Fourth Amendment to the United States Constitution, or an Executive Order or assertion of Executive or other governmental authority that the Government contends or may contend rendered the Fourth Amendment to the United States Constitution inapplicable during the course of the investigation that resulted in the Indictment. *See* James Risen & Eric Lichtblau, *Bush Lets U.S. Spy on Callers without Court Orders,* N.Y. Times, Dec. 16, 2005; *United States v. United States District Court*, 407 U.S. 302 (1972).

This request encompasses all information and material regarding the execution of any search, whether or not by warrant, all plans related to the execution of any search, whether or not by warrant, and all evidence regarding the circumstances of the acquisition of any evidence.

This request encompasses all information and material regarding any surveillance or search conducted in or upon all places and waters, continental or insular, which the government claims, has claimed, or may claim is subject to the jurisdiction of the United States of which the government is, was, or becomes aware, including surveillance or search conducted by any "foreign government" as that term is defined by 18 U.S.C. §11.

This request is made in good faith and in the interest of justice under F.R,Cr.P. 41.

//

Page 15 - DEFENDANTS' JOINT DISCOVERY MOTION

17.    All information and material pertaining to any electronic surveillance or video or audio recording of: (1) any defendant; (2) any person on whose information the Government relied in any respect during the course of the investigation resulting in the Indictment, whether or not the Government intends to call that person at a witness at any stage of this proceeding; (3) any person whom the Government contends is a co-conspirator, employee or agent of any defendant; (4) any person whom the Government may contend acted or participated in any matter or transaction on behalf of a defendant; (5) any person whom the Government may call or intend to call as a witness in this matter; or (6) any residence, place of business, vehicle or at other place in which any defendant or any person whom the Government contends is a co-conspirator, employee or agent of the defendant had a reasonable expectation of privacy, whether or not such surveillance or search resulted in the acquisition of any information or material the Government may seek to offer in evidence at any stage or this proceeding.

This request encompasses:

(a)    All records and reports of monitoring of any "wire communication," "oral communication," "electronic communication," or "aural transfer" as those terms are defined by 18 U.S.C. §2510(1), (2), (12), and (18);

(b)    All records and reports regarding the acquisition of information and material from any "communication common carrier," "electronic communications system," "electronic communication service," or "electronic storage" as those terms are defined by 18 U.S.C. §2510(10), (14), (15), and (17);

(c)    All records and reports regarding the acquisition of "foreign intelligence material" as that term is defined by 18 U.S.C. §2510(19);

Page 16 - DEFENDANTS' JOINT DISCOVERY MOTION

      (d)     All records and reports of pen registers;

      (e)     All information and material regarding conversations

recorded by any listening device, including, but not limited to, microphone;

      (f)     All telephone toll records; and

      (g)     All information and material regarding signals from any

electronic tracking device (beeper).

18.     All information and material relating to any tangible item, document or

other material or sample which has been destroyed, including all information and material

relating to the destruction process itself.

19.     All information and material regarding any suggestion, invitation or other

inducement made to any defendant by any other person (whether or not acknowledged by

the Government to have been serving as a law enforcement agent or employee or under

the supervision of a law enforcement agent or employee) to engage in any activity

described in the Indictment and/or tending to show entrapment of any defendant,

including but not limited to all records of contacts, communications, agreements, whether

direct or indirect, explicit or implicit, between law enforcement personnel and any

defendant, or between any defendant and any person the Government has described at any

time as a "confidential source," "cooperating witness," "undercover agent," or similar

term.

20.     All information and material relating to or otherwise tending to reflect:

      (a)     Efforts on the part of the Government to induce or procure persons to

accuse or impose responsibility on any defendant for any criminal act; or

//

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

(b)    Efforts on the part of agents or employees of the Government to fabricate evidence concerning the defendant (including evidence tending falsely to show or suggest that the defendant had participated in the commission of any criminal acts).

21.    All "exculpatory evidence" as defined in *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.

22.    All information and material obtained from any telephone company, bank, savings and loan, financial institution, brokerage firm, utility or other similar institution or company, public or not, pertaining to any account or transaction of any defendant, whether intended to be used at trial or not, and all documentation utilized in obtaining such material and information, *i.e.*, grand jury subpoena, etc.

23.    All information and material obtained from any government agency which any defendant would be entitled to receive from such agency upon request, including medical records, vital statistics record, motor vehicle records, military records, etc.

24.    Any and all logs or other information and material regarding and all photographs, videotapes, and other visual depictions of: (1) any defendant; (2)  any person on whose information the Government relied in any respect during the course of the investigation resulting in the Indictment, whether or not the Government intends to call that person at a witness at any stage of this proceeding; (3) any person whom the Government contends is a co-conspirator, employee or agent of any defendant; (4) any person whom the Government may contend acted or participated in any matter or transaction on behalf of a defendant; (5) any person whom the Government may call or intend to call as a witness in this matter; or (6) any residence, place of business, vehicle or

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

at other place in which any defendant or any person whom the Government contends is a co-conspirator, employee or agent of the defendant had a reasonable expectation of privacy.

25.    The names and addresses of any person from whom the Government obtained a statement or other information and material whom the Government does not intend to call as witnesses at any stage of this proceeding. *United States v. Cadet,* 727 F. 2d 1453 (9th Cir. 1984).

26.    Any and all logs or other information and material regarding the monitoring of any defendant's use of the mail, including any information and material regarding any mail cover or mail opening by the Government of mail matter addressed to or from: (1) any defendant; (2)  any person on whose information the Government relied in any respect during the course of the investigation resulting in the Indictment, whether or not the Government intends to call that person at a witness at any stage of this proceeding; (3) any person whom the Government contends is a co-conspirator, employee or agent of any defendant; (4) any person whom the Government may contend acted or participated in any matter or transaction on behalf of a defendant; (5) any person whom the Government may call or intend to call as a witness in this matter; or (6) any residence, place of business, vehicle or at other place in which any defendant or any person whom the Government contends is a co-conspirator, employee or agent of the defendant had a reasonable expectation of privacy.

27.    All documents, exhibits, graphs, displays, charts, computer printouts, and photographs which the Government may or presently intends to use and/or offer at any stage of this proceeding

Page 19 -  DEFENDANTS' JOINT DISCOVERY MOTION

28.     All tax returns or tax records, whatever their nature, and all supporting materials which have been seen, reviewed, or referred to in any way by the Government regarding: (1) any defendant; (2) any person on whose information the Government relied in any respect during the course of the investigation resulting in the Indictment, whether or not the Government intends to call that person at a witness at any stage of this proceeding; (3) any person whom the Government contends is a co-conspirator, employee or agent of any defendant; (4) any person whom the Government may contend acted or participated in any matter or transaction on behalf of a defendant; or (5) any person whom the Government may call or intend to call as a witness in this matter.

29.     All financial reviews, whatever their nature and all supporting materials, which have been prepared by, seen, reviewed, or referred to in any way by the Government regarding: (1) any defendant; (2) any person on whose information the Government relied in any respect during the course of the investigation resulting in the Indictment, whether or not the Government intends to call that person at a witness at any stage of this proceeding; (3) any person whom the Government contends is a co-conspirator, employee or agent of any defendant; (4) any person whom the Government may contend acted or participated in any matter or transaction on behalf of a defendant; or (5) any person whom the Government may call or intend to call as a witness in this matter.

30.     Any and all applications to any Court for any and all Orders permitting an intrusion into the privacy of any defendant, any person whom the Government contends is a co-conspirator, employee or agent of any defendant person, or any person whom the

//

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

Government may contend participated in such matter or transaction on behalf of a defendant was a party of whatever kind.

31.    Disclosure of all procedures used for purposes of identification, including, but not limited to, photographic displays.

DATED this 24th day of March, 2006.

Respectfully submitted,

RANSOM BLACKMAN LLP

_____

MARC D. BLACKMAN, OSB #74265
[503] 228-0487
        Of Attorneys for Defendant Paul

SCHROETER, GOLDMARK & BENDER

_____

JEFFERY P. ROBINSON
[206] 622-8000
        Of Attorneys for Defendant McGowan

_____

DANIEL L. FEINER
[503] 228-2822
        Of Attorneys for Defendant Thurston

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon  97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS' JOINT DISCOVERY

MOTION on the following attorneys by causing to be mailed full and correct copies

thereof, contained within a sealed envelope, addressed as below stated, with first class

postage thereon prepaid, and deposited in the United States mail at Portland, Oregon on

the 24th day of March, 2006.

> Mr. John C. Ray, Esq.
> Mr. Kirk A. Engdahl, Esq.
> Assistant United States Attorneys
> United States Attorney's Office
> 701 High Street
> Eugene, OR 97401
>
> Mr. Stephen F. Peifer, Esq.
> Assistant United States Attorney
> United States Attorney's Office
> Suite 600
> 1000 S.W. Third Avenue
> Portland, OR 97204-2902

RANSOM BLACKMAN LLP

MARC D. BLACKMAN
[503] 228-0487
Of Attorneys for Defendant Paul

RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204-1144
Telephone: 503-228-0487
Facsimile: 503-227-5984